```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                     WESTERN DIVISION
```
_____

JANICE L. JACKSON,            )
                              )
    Plaintiff,                )
                              )
v.                            )
                              )    No. 07-2497 Ma/P
THE BOARD OF EDUCATION OF THE )
MEMPHIS CITY SCHOOLS, MARGARET)
MCKISSICK-LARRY and KIMKEA    )
HARRIS,                       )
                              )
    Defendants.               )

_____

**ORDER GRANTING IN PART MOTION TO STRIKE SEALED DOCUMENT 23-3 AND
            TO RETURN DOCUMENT 23-3 TO DEFENDANTS**
_____

Before the court is defendants Board of Education of the Memphis City Schools, Margaret McKissick-Larry, and Kimkea Harris's Motion to Strike Sealed Document 23-3 and Return Document 23-3 to Defendants, filed on February 7, 2008. (D.E. 45). On February 12, 2008, plaintiff Janice L. Jackson filed her response in opposition. The defendants filed their reply on February 22, 2008. For the reasons below, the motion is GRANTED in part.

## I.  BACKGROUND

This motion arises from an action brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e <u>et seq</u>. Jackson was employed as a Special Education Teaching Assistant at Avon Lenox School from August of 2003 until October

20, 2006.  McKissick-Larry is the principal of Avon Lenox School, and Harris is the Labor Relations Administrator for the Memphis City Schools.  Jackson filed her complaint against the defendants on July 26, 2007, alleging retaliation and intentional interference with Jackson's employment.

On October 15, 2007, Jackson served the defendants with her First Request for Production of Documents and First Set of Interrogatories.  On November 16, 2007, the parties agreed to extend the deadline for defendants to respond to these discovery requests to December 3, 2007.  When the defendants did not respond to the discovery requests by December 6, Jackson sent a letter to the defendants requesting that they respond.  On December 7, the defendants provided Jackson with three documents: a cover letter, a final, signed response to Jackson's first discovery requests, and a draft version of the same document ("draft version").

On December 19, 2007, Jackson filed all three documents as an attachment to her Motion for Leave to File a Reply to Defendants' Response in Opposition to Plaintiff's Motion to Compel ("Document 23-3").  Jackson attached these documents to her motion in order to further support her motion to compel and specifically to challenge the defendants' contention that they had produced documents that were responsive to Jackson's first request for production of documents.  Upon receiving Jackson's December 19 motion, the defendants for the first time realized that they had inadvertently

provided Jackson with the draft version.  On December 20, 2007, the defendants filed a Motion to Seal Document 23-3.  On January 4, 2008, the court held a telephonic hearing on that motion, and at the conclusion of that hearing the court granted the motion and sealed the document.[1]

In the present motion, the defendants ask that the draft version contained in Document 23-3 be returned to the defendants and that Jackson be prohibited from making any further use of the draft version.  In support of their motion, the defendants contend that the document is protected by the attorney-client privilege and as attorney work product.

## II.  ANALYSIS

The attorney client privilege "protects from disclosure 'confidential communications between a lawyer and his client in matters that relate to the legal interests of society and the client.'"  <u>Ross v. City of Memphis</u>, 423 F.3d 596, 600 (6th Cir. 2005) (quoting <u>In re Grand Jury Subpoena (United States v. Doe)</u>, 886 F.2d 135, 137 (6th Cir. 1989)).  The elements of the attorney client privilege are:

> (1) Where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) unless the protection is

---

[1]On January 14, 2008, the court granted Jackson's motion for leave to file a reply.

-3-

waived.

Reed v. Baxter, 134 F.3d 351, 355-56 (6th Cir. 1998). Although the defendants allege that the draft version is protected by the attorney client privilege, the court has reviewed the document and concludes that the document is not a communication related to obtaining legal advice made in confidence by the defendants to their counsel. See Fox v. Massey-Ferguson, Inc., 172 F.R.D. 653, 669 (E.D. Mich. 1995). At most, the draft version contains a few handwritten notes and typed edits made by the defendants' attorney in preparing her discovery responses; however, it does not reveal any communications between the defendants and their counsel. The fact that defense counsel may have discussed the document with the defendants does not cloak the document itself with the attorney client privilege. Although those discussions may be privileged, the document is not.

The attorney work product doctrine "generally protects from disclosure documents prepared by or for an attorney in anticipation of litigation." Reg'l Airport Auth. of Louisville v. LFG, LLC, 460 F.3d 697, 713 (6th Cir. 2006). During discovery, the court must "protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B). If information containing attorney work product is produced during discovery,

> the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

Fed. R. Civ. P. 26(b)(5)(B).

The draft version qualifies as attorney work product. It is a draft of defense counsel's response to Jackson's discovery requests and contains counsel's mental impressions concerning discovery matters in this litigation.

The attorney work product doctrine, however, is not absolute, and it may be waived under certain circumstances, including through inadvertent disclosure. See Fox, 172 F.R.D. at 671; Static Control Components, Inc. v. Lexmark Int'l, Inc., No. 04-84-GFVT, 2007 WL 902273, at *4 (E.D. Ky. March 22, 2007). "When a producing party claims inadvertent disclosure, it has the burden of proving that the disclosure was truly inadvertent." Fox, 172 F.R.D. at 671. In determining whether a party has waived the attorney work product protection by inadvertent disclosure, the court should consider "(1) the reasonableness of precautions taken in view of the extent of document production, (2) the number of inadvertent disclosures, (3) the magnitude of the disclosure, (4) any measures taken to mitigate the damage of the disclosures, and (5) the overriding

interests of justice." Fox, 172 F.R.D. 671; Edwards v. Whitaker, 868 F. Supp. 226, 229 (M.D. Tenn. 1994).

On the one hand, there is nothing in the record to show that defendants' counsel took precautionary measures to avoid disclosing the draft version, such as labeling the document as "confidential" or "attorney work product," it does not appear that the draft version was accidentally included as part of a voluminous document production, and the disclosure was complete. On the other hand, this was the only instance of disclosure of the draft version, defendants' counsel immediately took steps to contact Jackson's counsel to retrieve the document after learning of its production, and they immediately filed a motion to seal the document with the court. Having considered all of these factors, the court finds that the disclosure of the draft version was truly inadvertent and therefore concludes that defendants have not waived the attorney work product privilege with respect to the draft version.

### III.  CONCLUSION

For the reasons above, the motion is GRANTED in part. Jackson and her counsel are ORDERED to return all copies of the draft version to defendants' counsel and shall not utilize the draft version or disclose the contents of that document to third parties. The Clerk of Court is directed to remove pages 12 through 19 of Document 23-3, which contains the draft version, from the record. However, as the remainder of Document 23-3 does not contain any

privileged information, defendants' motion to strike those portions of the document is DENIED.  Finally, defendants' request for reimbursement of attorney's fees and expenses is DENIED.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

March 18, 2008
Date