```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION
```

| | | |
|---|---|---|
| **JANICE L. JACKSON,** | ) | |
| | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 07-2497 |
| | ) | |
| **THE BOARD OF EDUCATION OF THE** | ) | |
| **MEMPHIS CITY SCHOOLS, MARGARET** | ) | |
| **MCKISSICK-LARRY, and KIMKEA** | ) | |
| **HARRIS,** | ) | |
| | ) | |
| | ) | |
|     **Defendants.** | ) | |

**ORDER DENYING PLAINTIFF'S MOTION TO REVIEW AND REVISE THE COURT CLERK'S AWARD OF COSTS**

Before the Court is the October 15, 2010 Motion to Review and Revise the Court Clerk's Award of Costs ("Motion") filed by Plaintiff Janice L. Jackson ("Plaintiff"). (Pl.'s Mot. to Review and Revise the Court Clerk's Award of Costs in Order to Exclude the Cost of the Copy of the Tr. of the Dep. of Elaine King, ECF No. 176.) ("Pl.'s Mot.") Defendants Board of Education of Memphis City Schools, Margaret McKissick-Larry, and Kimkea Harris (collectively, "Defendants") responded in opposition on October 29, 2010. (Defs.' Resp. in Opp'n to Pl.'s Mot. to Review and Revise the Court Clerk's Award of Costs in Order to Exclude the Cost of the Copy of the Tr. of the Dep. of

Elaine King, ECF No. 177.) ("Defs.' Resp.") For the following reasons, Plaintiff's Motion is DENIED.

## I. Background

The Court granted Defendants' motion for summary judgment on January 7, 2010. (Order Granting Defs.' Mot. for Summ. J. 18-19, ECF No. 159.) On January 15, 2010, Defendants filed a bill of costs seeking reimbursement for $5,804.92 in expenses. (Bill of Costs, ECF No. 161.) On February 18, 2010, a hearing was held before the Clerk of Court about the taxation of costs. (See Order Taxing Costs 1, ECF No. 175.) After the hearing, Defendants filed an amended bill of costs for a reduced amount of $5,492.62 and supplemental memorandum in support on February 22, 2010. (See id. at 1 n.1; Bill of Costs, ECF No. 168; Defs.' Supplemental Mem. in Supp. of Am. Bill of Costs, ECF No. 169.)

Meanwhile, on February 3, 2010, Plaintiff filed a motion to reconsider the Court's order granting summary judgment. (Pl.'s Mot., ECF No. 163.) Given the pending motion to reconsider the Court's order, the parties at the hearing before the Clerk of Court agreed that he should defer deciding taxation of costs until the Court had ruled on the pending motion for reconsideration. (See Order Taxing Costs 1.)

The Court denied the motion to reconsider the Court's order granting summary judgment on July 13, 2010. (See Order Denying Pl.'s Mot. to Alter J., Reconsider, and Deny Defs.' Mot. for

2

Summ. J. 11-12, ECF No. 171.)  The Clerk of Court issued an order awarding $5,492.62 in costs to Defendants on October 15, 2010.  (See Order Taxing Costs 3.)  The same day, Plaintiff filed the Motion now before the Court.  (Pl.'s Mot. 5.)

## II.  Jurisdiction

Although Plaintiff filed a notice of appeal on August 2, 2010 (Notice of Appeal, ECF No. 172), this Court has jurisdiction to award costs.  See Gnesys, Inc. v. Greene, 437 F.3d 482, 487 n.1 (6th Cir. 2005) (citing Jankovich v. Bowen, 868 F.2d 867, 871 (6th Cir. 1989)); Harris v. Brown, No. 90-2231, 1991 WL 15991, at *1 (6th Cir. Feb. 8, 1991) (citing Morgan v. Union Metal Mfg., 757 F.2d 792, 794 (6th Cir. 1985)); Singleton v. Select Specialty Hosp.-Lexington, Inc., No. 5:07-230-JMH, 2009 WL 1636177, at *4 (E.D. Ky. June 10, 2009) (citations omitted); see also United States v. Dennis, 902 F.2d 591, 592 (7th Cir. 1990) ("Dennis also does not suggest that the district court lacked jurisdiction to impose costs after the notice of appeal was filed, because it clearly had the power to do so."); Chore-Time Equip., Inc. v. Cumberland Corp., 713 F.2d 774, 781 (Fed. Cir. 1983) (concluding that a district court had jurisdiction to award costs after a notice of appeal was filed); Rothenberg v. Sec. Mgmt. Co., 677 F.2d 64, 64 (11th Cir. 1982) ("It is well settled in this circuit that costs may be taxed after a notice of appeal has been filed.") (citations omitted).

### III. Standard of Review

Under Federal Rule of Civil Procedure 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The clerk of court may tax costs. See 28 U.S.C. § 1920. "On motion served within the next 7 days [after the clerk of court taxes costs], the court may review the clerk's action." Fed. R. Civ. P. 54(d)(1). The clerk's decision is subject to de novo review by the district court. BDT Prods., Inc. v. Lexmark Int'l, Inc., 405 F.3d 415, 418-19 (6th Cir. 2005).

### IV. Analysis

Plaintiff argues that the Clerk of Court erred in concluding that Defendants were entitled to $277.70 as the cost of a copy of the transcript of the deposition of Elaine King ("King") because it was only allegedly relevant to Defendants' after-acquired evidence defense, which Plaintiff contends was a frivolous defense. (See Pl.'s Mot. 1-4.) Defendants argue that the Clerk of Court correctly taxed the cost of the transcript against Plaintiff because King was a fact witness with information about Plaintiff's tape recording a school official and playing that recording. (See Defs.' Resp. 2.) Defendants used the deposition testimony of King in their motion and memorandum for summary judgment. (See id. at 2-3; Mem. in Supp.

4


of Defs.' Mot. for Summ. J. 7-8, 17, 22, ECF No. 112-1.) King's testimony also supported Defendants' after-acquired evidence defense. (See Defs.' Resp. 3.)

"In awarding costs, the district court looks at whether the expense is an allowable cost item under the statute and, if so, that the amount is reasonable and necessary." King v. Gowdy, 268 F. App'x 389, 391 (6th Cir. 2008) (citing BDT Prods., 405 F.3d at 417). Under 28 U.S.C. § 1920, a judge or clerk of court has authority to "tax[] as costs the expenses of taking, transcribing and reproducing depositions." Sales v. Marshall, 873 F.2d 115, 120 (6th Cir. 1989). "Ordinarily, the costs of taking and transcribing depositions reasonably necessary for the litigation are allowed to the prevailing party." Id. "Necessity is determined as of the time of taking, and the fact that a deposition is not actually used at trial is not controlling." Id. (citation omitted). Accordingly, "[d]eposition expenses are generally taxed as costs under § 1920." King, 268 F. App'x at 391 (citing Sales, 873 F.2d at 120).

Here, the cost of the copy of the transcript of King's deposition is an allowable cost item under 28 U.S.C. § 1920. See id.; Sales, 873 F.2d at 120. The cost of that copy was reasonable and necessary, as evidenced by Defendants' using the information developed in King's deposition testimony in

5

preparing their summary judgment memorandum and their defense had the case proceeded to trial. (See, e.g., Mem. in Supp. of Defs.' Mot. for Summ. J. 7-8, 17, 22.) Plaintiff has not demonstrated circumstances sufficient to overcome the presumption favoring an award of the deposition cost to Defendants. See White & White, Inc. v. Am. Hosp. Supply Corp., 786 F.2d 728, 732 (6th Cir. 1986) (citing Lichter Found., Inc. v. Welch, 269 F.2d 142, 146 (6th Cir. 1959)). Therefore, Defendants are entitled to the $277.70 cost for King's deposition transcript. The Court has reviewed de novo the remainder of the Clerk of Court's order and agrees with it in its entirety, for the reasons stated by the Clerk of Court.

## V. Conclusion

For the foregoing reasons, Plaintiff's Motion is DENIED. The Court AFFIRMS the Clerk of Court's order taxing $5,492.62 in costs against Plaintiff and in favor of Defendants.

So ordered this 25th day of April, 2011.

s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR
UNITED STATES DISTRICT JUDGE